UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN THE MATTER OF THE ARBITRATION

between

DOCTOR'S ASSOCIATES INC.,
Petitioner,

-v-

NAVINDRA GHARBARAN,
Respondent.

10 Civ. 7280 (DLC)

OPINION & ORDER

APPEARANCES:

For petitioner:
Robert Lawrence Kahn
Cox Padmore Skolnik & Shakarchy LLP
630 Third Avenue, 19th Floor
New York, NY 10017
-and-
Mark S. Kaufman
Kaufman & Kahn LLP
747 Third Avenue
32nd Floor
New York, NY 10017

DENISE COTE, District Judge:

Petitioner Doctor's Associates Inc. ("DAI") has filed this petition for confirmation of an arbitration award. Respondent Navindra Gharbaran ("Gharbaran") has not opposed the petition or otherwise appeared in this action. The petition is denied for lack of subject matter jurisdiction.

BACKGROUND

DAI is the national franchisor of Subway sandwich restaurants. In August 2009, DAI entered a franchise agreement ("Agreement") with Gharbaran, authorizing her to operate a Subway franchise in Ridgewood, New York. The Agreement requires Gharbaran to operate her franchise in accordance with the Subway Operations Manual ("Operations Manual"). The Agreement also contains an arbitration clause which states: "Any dispute, controversy or claim arising out of or relating to this Agreement or the breach thereof shall be settled by arbitration." The Agreement also provides that any judgment rendered in an arbitration that arises from a dispute relating to the Agreement "may be entered in any court having jurisdiction thereof."

To monitor compliance with the Operations Manual, DAI inspects franchises monthly. During inspections, DAI's field consultants complete Restaurant Evaluation and Compliance Review reports in which they document areas of noncompliance. Copies of the reports are sent to franchisees, along with recommendations for achieving full compliance.

On November 7, 2009, field consultants performed an inspection of Gharbaran's Subway franchise and found it did not comply with the standards in the Operations Manual. On November

9, DAI sent Gharbaran a letter of noncompliance, citing specific violations and advising Gharbaran to correct them immediately.

On January 18, 2010, field consultants performed another inspection of Gharbaran's Subway franchise and again discovered multiple areas of noncompliance. On January 20, DAI sent Gharbaran a letter citing specific violations and threatening to terminate the Agreement if Gharbaran failed to correct them within sixty days. Gharbaran failed to bring her franchise into full compliance within the sixty-day period, and additional violations of the Agreement were cited in reports dated February 22, March 29, and April 30.

On April 20, 2010, DAI filed a Demand for Arbitration with the American Dispute Resolution Center ("ADR"), stating a claim for breach of the Agreement. Gharbaran was served with copies of DAI's demand, but did not answer or otherwise respond. Gharbaran also did not challenge or otherwise respond to the appointment of an arbitrator. During the arbitration proceedings, DAI submitted a written affidavit with documentary evidence and a legal brief. Gharbaran did not submit any documents.

The arbitrator issued a written award ("Award") on June 29, 2010. In part, the Award: (1) terminates the Agreement; (2) enjoins Gharbaran from continuing to operate her restaurant as a Subway franchise; (3) requires Gharbaran to pay DAI $250.00 per

day for each day her restaurant, after the issuance of the Award, continues to operate as a Subway franchise; (4) requires Gharbaran to pay DAI $15,000.00 for each sandwich business she operates within three miles of a Subway restaurant, plus 8% of the gross sales of such businesses; (5) requires Gharbaran to reimburse DAI $779.82 for fees and expenses of ADR; and (6) requires Gharbaran to reimburse DAI $800.00 for compensation of the arbitrator. Copies of the Award were sent to both parties on June 30. As of February 17, 2011, the date of an affidavit submitted by DAI, Gharbaran had failed to abide by the terms of the Award and continued to operate a restaurant using DAI's trade names, trademarks, service marks and other indicia.

On September 22, 2010, DAI filed this petition to confirm the arbitration awards. Gharbaran did not file any opposition. On February 4, 2011, this Court requested supplemental briefing from the parties on the issue of subject matter jurisdiction. DAI submitted supplemental materials on February 18. Gharbaran did not respond, and has not appeared in this action.

DISCUSSION

"[T]he Federal Arbitration Act . . . does not independently confer subject matter jurisdiction on the federal courts." Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 63 (2d Cir. 2009). "Thus, there must be an

independent basis of jurisdiction before a district court may entertain petitions under the Act." Id. (citation omitted).

One basis for subject matter jurisdiction is diversity, where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1441. "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." Scherer v. Equitable Life Assurance Soc'y of the United States, 347 F.3d 394, 397 (2d Cir. 2003) (citation omitted). To overcome such a showing, it must appear "to a legal certainty" that the amount recoverable does not meet the jurisdictional threshold. Id. (citation omitted).

DAI claims that there is diversity jurisdiction over its petition to confirm the Award. There is no dispute that the parties are citizens of diverse states -- DAI is organized under the laws of Florida and has its principal place of business in Connecticut, whereas Gharbaran is a citizen of New York. It is unclear from the face of the petition, however, whether the minimum amount in controversy requirement has been met because the Award includes varying payments contingent on whether Gharbaran continued to operate sandwich shops with or without DAI's marks after the arbitral decision was released, and for how long she continued to do so.

The supplemental briefing submitted by DAI fails to establish a "reasonable probability" that the amount of the Award is over $75,000. The evidence indicates that the amount of the Award is only $60,079.82. This includes the accrual of $250 a day for each of the 233 days between the date the Award was granted and the date of DAI's supplemental affidavit, which states that Gharbaran has continued to operate her sandwich business. This portion of the Award is $58,500. The total Award also includes $779.82 for the fees and expenses of ADR and $800.00 for compensation of the arbitrator.[1] Even if it is assumed that Gharbaran is still operating her franchise, this would only add to the amount of the Award an additional $10,250, or $250 for each day since February 17 to the date of this decision. Under this calculation, the Award amount would still be $4,920.18 short of the $75,000 required to meet the amount in controversy requirement.

DAI argues that a determination of the total Award amount should include not only the monetary components of the Award, but also the value of the declaratory and injunctive relief provided in the Award that enjoins Gharbaran's use of DAI's

---

[1] The Award also provided that Gharbaran pay $15,000 plus 8% of the gross sales for any sandwich shop that she operated within three miles of a Subway location. DAI has not claimed that Gharbaran has operated a sandwich shop within three miles of another Subway shop, so this amount cannot be considered for determining the amount in controversy.

marks, enforces the non-compete clause of the Agreement and requires Gharbaran to return DAI's Operations Manual. DAI does not state what value it ascribes to these non-monetary components of the Award, however, arguing only that by including them, there is a "reasonable probability" that the value of the Award exceeds $75,000. The Award derives the $250 per day assessment from the Agreement, which describes this amount as a "reasonable pre-estimate of the damages [DAI] will suffer" from Gharbaran's continued use of the marks after termination of the Agreement.[2] The monetary component of the Award, therefore, appears to address fully the damages DAI has suffered as a result of Gharbaran's failure to comply with the injunctive aspects of the Award. DAI has failed to show what independent value is provided by the injunctive relief in the Award beyond what it achieves from the monetary component of the Award, and therefore cannot show that this relief provides a reasonable probability that the value of the Award meets the amount in controversy requirement.

DAI also argues that the amount in controversy should be determined by looking at "the difference between winning and

---

[2] Similarly, a penalty of $15,000 and 8% of gross sales of any business being operated within three miles of a Subway restaurant, another component of the Award, is described in the Agreement as a "reasonable pre-estimate of the damages [DAI] will suffer" as a result of violating the post-termination non-compete provision of the Agreement.

losing the underlying arbitration," Doctor's Associates, Inc. v. Stuart, 11 F. Supp. 2d 221, 224 (D. Conn. 1998) (citation omitted), suggesting that this rule would yield a result different from simply calculating the amount granted in the Award. The author of Stuart noted that that rule protects a defendant in an arbitration who seeks to confirm an arbitration award in federal court. Doctor's Associates, Inc. v. Puskaritz, No. 3:05 Civ. 1834, 2006 WL 1102762, at *2 (D. Conn. Apr. 26, 2006). Even if the Stuart rule is the appropriate standard for measuring the amount in controversy when a defendant seeks to confirm an arbitration award, it is inapplicable here, where the petitioner was the successful plaintiff in the underlying arbitration.

Finally, DAI argues in the alternative that the Court has jurisdiction pursuant to 28 U.S.C. § 1338 because its claims in this action pertain to its trademarks. Section 1338(a) provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." A case "arises under" the laws described in 28 U.S.C. § 1338 for purposes of jurisdiction only if the complaint seeks a remedy expressly granted by those laws, such as a suit for infringement, or if the complaint asserts a claim requiring construction of those laws. Bassett v. Mashantucket Pequot

Tribe, 204 F.3d 343, 349 (2d Cir. 2000); see also Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V., 623 F.3d 61, 69-70 (2d Cir. 2010) (finding that the Bassett test applies in determining whether an action arises under federal trademark law for subject matter jurisdiction). DAI's claim in the arbitration did not require construction of the Lanham Act, and federal trademark law did not create the cause of action here, which is to confirm an arbitration award, or before the arbitrator, which sought enforcement of the Agreement. DAI's incidental role as a trademark owner does not confer jurisdiction over its petition.

CONCLUSION

The petition to confirm the Award is denied for lack of subject matter jurisdiction. The Clerk of Court shall close the case.

SO ORDERED:

Dated: New York, New York
March 30, 2011

[signature]
DENISE COTE
United States District Judge